# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO MAURICE HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-01518-SPM |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Antonio Maurice Holmes' application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $31.80. Furthermore, after initial review, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a daily ledger of credits and debits made to his Ste. Genevieve County Jail inmate account from April 10, 2023 to October 10, 2023. Based on this information, the Court finds that plaintiff has an average monthly deposit of $159.00. The Court will assess an initial partial filing fee of $31.80, which is twenty percent of his average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a federal pretrial detainee housed at the Ste. Genevieve Detention Center. On December 7, 2022, he was charged with being a felon in possession of a firearm. *See United States v. Holmes*, No 4:22-CR-694-AGF (E.D. Mo. filed Dec. 7, 2022). He has pled guilty to the charge, and his sentencing is scheduled for April 2, 2024. *Id.*

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against defendants the United States of America, the State of Missouri, the St. Louis Metropolitan Police Department, and Officers Chad Cross, Austin King, and Collin McAnany. He sues all defendants in both their individual and official capacities.

Because plaintiff's legal theories are unclear, the Court will quote his Statement of Facts in full:

> The named Defendants St. Louis police officers discriminated and caused injury to a Missouri citizen see Incident Report 22036457 and gave illegal and unlawful material support and aid to the Federal Government of the United States of America in violation of the Tenth Amendment of the United States Constitution also injuring Plaintiff in violation of 1.410-1.485 known and cited as the Missouri Second Amendment Preservation Act. The Federal Government, United States of America indicted the Plaintiff U.S. v. Holmes, Case No. 4:22-CR-694-AGF, the complaint/information or indictment fails to charge an offense against the laws of the United States because no jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occurred. Trial court is without subject matter jurisdiction under 18 U.S.C. § 3231 and 1.410-1.485 Missouri's Second Amendment Preservation Act. The criminal statute exceeds the power of Congress

as applied to alleged conduct. Further violating Plaintiff's Due Process causing deprivation of life, liberty, and property.

Compl. at 3, 5.

For his injuries, plaintiff states "deprivation life, liberty, and property." For relief, he seeks an inquiry into the legality of his detention, a preliminary injunction, temporary restraining order, and for defendants to "take mandatory judicial notice of adjudicative facts." He also wants the St. Louis City Police Department to train their officers in the proper civil and constitutional rights of Missouri's citizens. For monetary damages, he seeks $50,000.

## Discussion

Plaintiff alleges defendant Officers Cross, King, and McAnany "discriminated and caused injury" to him. (Compl. at 3). However, he has offered no facts from which the Court could find any discriminatory action or motive on the part of these officers. Plaintiff's conclusory statement that the police officers discriminated against him is not enough to state a plausible constitutional claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Likewise, plaintiff offers no facts from which the Court could find defendants "gave illegal and unlawful material support and aid to the Federal Government." Again, such a conclusory statement is not enough to state a plausible claim. *Id.* Overall, plaintiff's complaint does not contain the factual content that would allow the Court to "draw the reasonable inference" that defendants are liable for the alleged constitutional violations. *See id.*

Plaintiff seems to also allege that his current federal charge of being a felon in possession of a firearm violates Missouri's Second Amendment Preservation Act (SAPA). *See* Mo. Rev. Stat.

§§ 1.410-1.485. On December 21, 2023, however, plaintiff pled guilty to this federal charge of being a felon in possession of a firearm. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). If plaintiff were to recover in this § 1983 suit, the judgment would necessarily imply the invalidity of his guilty plea, his continued imprisonment, and his eventual sentence.

Additionally, Missouri's SAPA has been found unconstitutional. *See United States v. Missouri*, 660 F. Supp. 3d 791 (W.D. Mo. 2023). The United States Court of Appeals for the Eighth Circuit and the United States Supreme Court both denied Missouri's application for a stay pending appeal of this decision. *See United States v. Missouri*, No. 23-1457, 2023 WL 6543287 (8th Cir. Sept. 29, 2023); *Missouri v. United States*, 601 U.S. --, 144 S. Ct. 7 (2023). Thus, there are no grounds on which the Court can find that plaintiff is suffering a civil rights violation and the Court must dismiss this complaint.

For these reasons, the Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $31.80 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 15th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE